IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

LISA WILLYARD, individually
and TONY WILLYARD, minor child
by and through his Next Friend, Lisa Willyard,

    Plaintiffs,

v.

WAL-MART STORES, Inc.,

    Defendant.                                       Case No. 09-cv-243-DRH
_____

WAL-MART STORES, INC.,

    Third-Party Plaintiff,

v.

DYNACRAFT BSC, INC.,

    Third-Party Defendant.

## MEMORANDUM & ORDER

**HERNDON, Chief Judge:**

On March 30, 2009, third-party defendant Dynacraft BSC, Inc. ("Dynacraft"), removed this case from state court, pursuant to **28 U.S.C. § 1441**, on the basis of diversity jurisdiction (Doc. 2). It is the duty of a district court to determine at the outset of a case whether it has subject matter jurisdiction over this case. ***See Wisconsin Knife Works v. National Metal Crafters,*** **781 F.2d 1280,**

1282 (7th Cir. 1986) ("The first thing a federal judge should do when a complaint is filed is check to see that federal jurisdiction is properly alleged."); *McCready v. White,* 417 F.3d 700, 702 (7th Cir. 2005) ("Ensuring the existence of subject matter jurisdiction is the court's first duty in every lawsuit."). "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Ex parte McCardle*, 7 Wall. 506, 514 19 L. Ed. 264 (1868); *Steel Co. v. Citizens for Better Environment*, 523 U.S. 83, 94 (1998). In fact, federal courts are "obliged to police the constitutional and statutory limitations on their jurisdiction" and should raise and consider jurisdictional issues regardless of whether the matter is ever addressed by the parties to the suit. *See Kreuger v. Cartwright*, 996 F.2d 928, 930-31 (7th Cir. 1993); *Kanzelberger v. Kanzelberger*, 782 F.2d 774, 777 (7th Cir. 1986). Moreover, the party invoking federal jurisdiction bears the burden of demonstrating that the jurisdictional requirements have been met. *Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997). As part of this *sua sponte* determination, it naturally follows that federal courts must also find that removal was proper.

The statute regarding diversity jurisdiction, **28 U.S.C. § 1332**, requires complete diversity between the parties plus an amount in controversy exceeding $75,000, exclusive of interest and costs. Complete diversity means that "none of the

parties on either side of the litigation may be a citizen of the state of which a party on the other side is a citizen." ***Howell v. Tribune Entertainment Co.*, 106 F.3d 215, 217 (7th Cir. 1997) (citations omitted)**. Moreover, the removal statute, **28 U.S.C. § 1441**, is construed narrowly and doubts concerning removal are resolved in favor of remand. *Doe v. Allied-Signal, Inc.,* **985 F.2d 908, 911 (7th Cir. 1993)**.

In this instance, defendant Wal-Mart Stores, Inc. ("Wal-Mart"), originally removed this case on the basis of diversity. *See Willyard v. Wal-Mart Stores, Inc.*, Case No. 08-cv-492-DRH. The Court, however, remanded the matter back to state court, finding that Wal-Mart had failed to sufficiently establish that the amount in controversy had been met (Case No. 08-cv-492-DRH, Doc. 27). Wal-Mart has since filed a Third-Party Complaint against Dynacraft. Dynacraft then filed a timely Notice of Removal in the instant case, pursuant to **28 U.S.C. § 1446(b)**. Wal-Mart has joined in the removal.

It appears from Dynacraft's allegations in its Notice of Removal that there is complete diversity of citizenship between the Parties (Doc. 2, ¶¶ 5-9). Dynacraft also states that the amount in controversy is met, offering a demand for settlement letter sent by Plaintiff's attorney, in which he seeks $90,000 in settlement (Doc. 2, ¶ 11, Ex. B). While this may possibly serve as sufficient evidence to establish the amount in controversy, *see Rising-Moore v. Red Roof Inns, Inc.*, **435 F.3d 813, 815-16 (7th Cir. 2006) ("A removing party need not show that the**

**plaintiff will *prevail* or collect more than $75,000 if he does. The burden, rather, is to show what the plaintiff hopes to get out of the litigation; if this exceeds the jurisdictional amount, then the case proceeds in federal court unless a rule of law will keep the award under the threshold.") (emphasis in original; citations omitted)**, the Court still finds Dynacraft's removal of this case problematic.[1]

Under **28 U.S.C. § 1441**, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." **28 U.S.C. § 1441(a)**. The removing party, Dynacraft, is a *third*-party defendant in this case. As this Court previously stated in *Sabo v. Dennis Technologies, LLC*:

> It is well established that, consistent with the policy favoring narrow construction of the removal statutes, the class of "defendants" authorized to remove a case under Section 1441(a) does not include third-party defendants. Simply put, "the substantial majority of the many judicial opinions that have dealt with the subject have consistently held that a third-party defendant cannot invoke removal jurisdiction at all – a view that is uniformly supported by the leading treatises on the subject[.]" *Easton Fin. Corp. v. Allen*, 846 F. Supp. 652, 653 (N.D. Ill. 1994). *See also Sturman v. Rush-Presbyterian-St. Luke's Med. Ctr.*, 128 F. Supp. 2d 1139, 1140 (N.D. Ill. 2001) (noting that "the large majority of federal courts . . . have consistently rejected removal proceedings sought to be instituted by . . . third-party defendants.").

> "The limitations in [28 U.S.C. § 1441(a)] have been interpreted strictly by the federal courts, who often speak of the right of removal being

---

[1] As such, the Court will not make an actual finding on whether such settlement demand would constitute sufficient grounds to support removal.

limited to 'true' defendants. Thus, the plaintiffs cannot remove, even when they are in the position of a defendant with regard to a counterclaim asserted against them . . . . Nor can third-party defendants brought into the state action by the original defendant exercise the right of removal to the federal court[.]" 14C Wright, Miller, Cooper & Steinman, *Federal Practice & Procedure* § 3731 (collecting cases). "[B]ecause subsection (a) [of Section 1441] . . . only allows a 'defendant' to remove a case and makes no express mention of 'third-party' defendants, the statute is strictly construed to preclude removal by third-party defendants." *Starr v. Prairie Harbor Dev. Co.*, 900 F. Supp. 230, 232 (E.D. Wis. 1995). The view that Section 1441(a) does not permit removal by third-party defendants is supported not only by the policy favoring narrow construction of the removal statutes but also by the familiar principle that the scope of federal jurisdiction on removal is to be construed with an eye to preserving a plaintiff's choice of a state-court forum. The United States Court of Appeals for the Seventh Circuit has observed that "[t]o allow . . . a . . . third-party action . . . to govern jurisdiction would potentially defeat the plaintiff's choice of forum and 'radically expand the class of removable cases.'" *Adkins v. Illinois Cent. R.R. Co.*, 326 F.3d 828, 836 (7th Cir. 2003) (quoting *Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 832 (2002)). As a sister court put it, removal by third-party defendants is "akin to the tail wagging the dog," because it permits defendants named in ancillary claims in a case to defeat the forum chosen by a plaintiff as to the main claims in the case. *Lewis v. Windsor Door Co.*, 926 F.2d 729, 733 (8th Cir. 1991).

*Sabo v. Dennis Technologies, LLC*, No. 07-cv-283-DRH, 2007 WL 1958591 at *4-5 (S.D. Ill. Jul. 2, 2007).

Because this case was improperly removed by a third-party defendant, the Court hereby **REMANDS** this case back to the Circuit Court of St. Clair County, Illinois.

**IT IS SO ORDERED.**

Signed this 14th day of April, 2009.

/s/ David R Herndon

**Chief Judge**
**United States District Court**